**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| SHAWNTELLE MATNEY,           ) | |
|                      ) | |
|         Plaintiff,       ) | |
|                      ) | No. 2:21-cv-02554-DCN-JDA |
|         vs.            ) | |
|                      ) | **ORDER** |
| CARLOS DEL TORO,[1] *Acting Secretary of the* ) | |
| *United States Department of Navy*; and GARY  ) | |
| CALDWELL,            ) | |
|                      ) | |
|         Defendants.     ) | |
| _____) | |

The following matter is before the court on Magistrate Judge Jacquelyn D.

Austin's report and recommendation ("R&R"), ECF No. 31, that the court grant

defendant Gary Caldwell's ("Caldwell") motion to dismiss, ECF No. 13.  For the reasons

set forth below, the court adopts the R&R and grants the motion to dismiss.

## I.  BACKGROUND

The R&R ably recites the facts as stated in the complaint, and the parties do not

object to the R&R's recitation thereof.  Therefore, the court will only briefly summarize

material facts as they appear in the R&R for the purpose of aiding an understanding of

the court's legal analysis.

Plaintiff Shawntelle Matney ("Matney") is an African-American female who

began employment with United States Department of the Navy's (the "Navy") Space and

Naval Warfare Systems Center on August 8, 2016 as a Personnel Security Lead of

Sensitive Compartmented Information.  Caldwell was Matney's first-level supervisor at

---

[1] Del Toro became Secretary of the Navy on August 9, 2021.  Pursuant to Federal
Rule of Civil Procedure 25(d), Del Toro was substituted as the defendant in this matter.

all relevant times.  On July 17, 2017, Matney met with the Equal Employment

Opportunity ("EEO") office concerning issues she was experiencing in the workplace,

including alleged discrimination, hostile work environment, and retaliation at the hands

of Caldwell and others.  After Matney met with the EEO office, she received a letter of

counseling and was disciplined for offensive language in the workplace on June 29, 2017,

disruptive behavior in the workplace on July 17, 2017, and having her spouse in a secure

area on July 14, 2017.  As a result, Matney informed her first-level supervisor, Willie

Cantrell ("Cantrell"), that she would be filing a complaint with the EEO office and that

she would resign because of the hostile work environment and discrimination to which

she had been subjected.  Cantrell urged her not to resign.  Nevertheless, on July 19, 2017,

while Matney was on leave, she was notified that her security access had been suspended.

Matney's employment was terminated on July 28, 2017, allegedly in retaliation for her

EEO activity.

On October 3, 2017, Matney filed a formal EEO complaint with the Navy,

alleging race and sex discrimination, reprisal, and hostile work environment.  ECF No. 1-

1 at 1.  The Navy issued a final order on December 26, 2019, finding no discrimination.

Id.  Matney thereafter appealed the Navy's order to the EEO Commission (the "EEOC"),

which issued a final decision denying Matney's claims on July 19, 2021.  Id. at 4.  On

August 11, 2021, Matney filed the instant action, alleging discrimination and retaliation

claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and a

First Amendment retaliation claim under Bivens v. Six Unknown Named Agents of

<u>Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2]  ECF No. 1, Compl.  Pursuant to the

provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C), all

pretrial matters in this employment discrimination case were referred to Magistrate Judge

Austin for consideration.

On November 22, 2021, Caldwell filed a motion to dismiss Matney's First

Amendment retaliation claim against him.  ECF No. 13.  On December 26, 2021, Matney

responded in opposition.  ECF No. 28.  On January 11, 2022, the Magistrate Judge issued

the R&R, recommending that the court grant the motion to dismiss.  ECF No. 31.  On

January 24, 2022, Matney objected to the R&R.  ECF No. 32.  Caldwell did not file

objections or respond to Matney's objections, and the time to do so has now expired.  As

such, the matter is now ripe for the court's review.

## II.  STANDARD

This court is charged with conducting a <u>de novo</u> review of any portion of the

Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C.

§ 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of

the Magistrate Judge.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149-50 (1985).  The

recommendation of the Magistrate Judge carries no presumptive weight, and the

responsibility to make a final determination rests with this court.  <u>Mathews v. Weber</u>, 423

U.S. 261, 270-71 (1976).  However, <u>de novo</u> review is unnecessary when a party makes

general and conclusory objections without directing a court's attention to a specific error

---

[2] Matney actually asserts her First Amendment retaliation claim against Caldwell under 42 U.S.C. § 1983.  However, because Caldwell is a federal actor, the Magistrate Judge construed that claim as a <u>Bivens</u> claim.  ECF No. 31 at 1 n.1 (citing <u>Navarrete v. United States</u>, 532 F. App'x 121 n.1 (3d Cir. 2013)).  Neither party objected to that construction of Matney's complaint, and the court finds no clear error in the same.

in the Magistrate Judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th

Cir. 1982).  In the absence of a specific objection, the court reviews the R&R only for

clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir.

2005) (citation omitted).

     A Rule 12(b)(6) motion for failure to state a claim upon which relief can be

granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 558

F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v.

Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6)

does not resolve contests surrounding the facts, the merits of a claim, or the applicability

of defenses.").  To be legally sufficient, a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  A Rule 12(b)(6) motion should not be granted unless it appears certain that the

plaintiff can prove no set of facts that would support his claim and would entitle him to

relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When

considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations

as true and should view the complaint in a light most favorable to the plaintiff.

Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at

1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Id.

## III.   DISCUSSION

Matney lodges only one objection to the R&R.  Namely, Matney objects to the

Magistrate Judge's recommendation that the court dismiss her First Amendment

retaliation claim as barred by the statute of limitations.  In this objection, Matney

reiterates her argument from her response in opposition to the motion to dismiss that her

claim is not time-barred because she has continued to suffer additional ill effects from the

alleged retaliatory termination.  Compare ECF No. 28 at 12 ("Defendant, Gary

Caldwell's deprivation as an employee of the Agency has continued passed the end of the

Plaintiff's employment and has continued because he put a permanent mark on the

Plaintiff's employment record that does not allow her to obtain security clearance to this

day."), with ECF No. 32 at 4–5 ("Defendant, Gary Caldwell's deprivation as an

employee of the Agency has continued passed the end of the Plaintiff's employment and

has continued because he put a permanent mark on the Plaintiff's employment record that

does not allow her to obtain security clearance to this day.")

The Magistrate Judge directly addressed that argument, including the caselaw

Matney cites to support it.  As the R&R explained,

> [T]hat [Matney] has continued to suffer ill effects of the complained-of
> action does not affect the limitations analysis.  See A Society Without a
> Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) ("[C]ontinual
> unlawful acts are distinguishable from the continuing ill effects of an
> original violation because the latter do not constitute a continuing
> violation.").  [And] although [Matney] cites Hernandez v. Mesa, 140 S.
> Ct. 735, 736 (2020), in support of her argument that her claims are not
> time barred [Doc. 28 at 12], [Matney] does not explain how she believes
> Hernandez supports her argument, and the Court sees no reason that it has
> any applicability.

ECF No. 31 at 9 n.3.  In her objections, Matney repeats her citation to Hernandez as the

sole case to support her proposition that her claim is not time-barred because of the

5

permanent mark on Matney's employment record, again <u>without analysis</u>.  By restating

the same argument and caselaw that the Magistrate Judge previously addressed and

rejected, Matney has lodged a general and conclusory objection that fails to direct the

court's attention to a specific error in the Magistrate Judge's proposed findings.  As such,

the court need only review that proposed finding for clear error.  <u>See</u> <u>Orpiano</u>, 687 F.2d

at 47.  Moreover, even affording Matney's argument <u>de novo</u> review, the court agrees

with the R&R that Matney has alleged only continuing ill effects of an original violation

rather than a continued retaliatory act by Caldwell.  The court further agrees that

<u>Hernandez</u> has no application to this case and provides no defense against the statute of

limitations.  Based on Matney's allegations, her First Amendment retaliation cause of

action accrued no later than the date she was terminated, July 28, 2017.  Pursuant to the

applicable statute of limitations, Matney was required to file a cause of action within

three years of that date.[3]  Because she failed to do so, her First Amendment retaliation

claim is time-barred and must be dismissed.

---

[3] The R&R determined the statute of limitations as follows:

> By asserting a claim against Caldwell in his individual capacity for retaliation for exercise of her constitutional rights, [Matney] has asserted a claim pursuant to <u>Bivens</u>.  <u>See</u> <u>Bivens</u>, 403 U.S. at 389.  There is no federal statute of limitations for a <u>Bivens</u> action.  <u>Owens v. Okure</u>, 488 U.S. 235, 239–41 (1989).  Rather, a <u>Bivens</u> action is governed by the state statute of limitations for general personal injury cases in the state where the alleged violation occurred.  <u>Id.</u>; <u>see also</u> <u>Hoffman v. Tuten</u>, 446 F. Supp. 2d 455, 459 (D.S.C. 2006).  The statute of limitations for such causes of action arising in South Carolina is three years.  <u>See</u> S.C. Code Ann. §§ 15-3-530(5), 15-3-535; <u>see also</u> <u>Hoffman</u>, 446 F. Supp. 2d at 460 ("It is well established that the South Carolina statute of limitations most analogous to this Bivens action is the three-year statute of limitations governing personal injury actions.").

ECF No. 31 at 8.  Neither party specifically objected to the R&R's finding that a three-year statute of limitations governs Matney's First Amendment retaliation claim, and the court finds no clear error in that determination.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the R&R and **GRANTS** the

motion to dismiss Matney's First Amendment retaliation claim against Caldwell.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 24, 2022**
**Charleston, South Carolina**